AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Rodolfo VARONA-HERNANDEZ<br>YOB: 1990 / COB: Mexico<br>*Defendant* | )<br>)<br>) Case No. M-19-2042-M<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __08/26/2019__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant violated __Title 18__ U. S. C. § __922(g)(5)(A)__, an offense described as follows:

It shall be unlawful for any person who, being an alien, illegally or unlawfully in the United States, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This criminal complaint is based on these facts:

SEE ATTACHMENT A

☑ Continued on the attached sheet.

*Complainant's signature*

Carlos M. Delgado, Jr, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence. 8/28/19

Date: __08/28/2019 - 8:05 a.m.__

City and state: __McAllen, TX__

*Judge's signature*

Juan F. Alanis, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 02/09) Criminal Complaint

## ATTACHMENT A

This affidavit is in support of a criminal complaint charging Rodolfo VARONA-HERNANDEZ ("HERNANDEZ"), with the criminal violation set forth in Attachment A. The evidence available to me demonstrates that there is probable cause that HERNANDEZ has violated Title 18 U.S.C. Section 922(g)(5)(A) which provides as follows:

It shall be unlawful for any person who, being an alien, illegally or unlawfully in the United States, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Further, the Affiant states as follows:

On August 26, 2019, ATF S/A Carlos M. Delgado received information from United States Border Patrol (USBP) Agents assigned to the McAllen Border Patrol Station Sector Intelligence Unit (SIU) in reference to HERNANDEZ, a known previously deported Mexican citizen, unlawfully present in the United States, who possessed a firearm and ammunition which had previously affected interstate commerce.

Specifically, USBP Agents explained they had received information that HERNANDEZ was an active alien smuggler operating out of the Rio Grande Valley. On August 26, 2019, USBP Agents conducted surveillance of HERNANDEZ's known residence located in McAllen, TX and later conducted mobile surveillance of a blue Mazda vehicle that left the residence. USBP Agents observed the vehicle make a stop at a parking lot near the intersection of Ware Rd. and Frontage Rd (Expressway 83). USBP Agents, assisted by a Texas Department of Public Safety (DPS) Trooper approached as the occupants exited the vehicle, identified themselves as law enforcement officers and conducted an immigration inspection. It was determined that all four (4) occupants of the vehicle, including HERNANDEZ, were born in Mexico and were in the United States illegally.

USBP Agents read HERNANDEZ his Miranda Rights while on scene. Post Miranda, HERNANDEZ provided verbal and written consent to search his home. HERNANDEZ provided USBP Agents a key to the home and added they would find another illegal alien and a firearm in the home. During the consent search, USBP Agents recovered a Lorcin, model L9MM, 9MM in caliber, pistol, bearing Serial Number L109133 with an inserted magazine containing six (6) rounds of 9MM LUGER caliber ammunition from a bedroom. One (1) additional loose round of 9MM LUGER in caliber ammunition was also recovered in the aforementioned bedroom.

## ATTACHMENT A

USBP Agents transported HERNANDEZ, his associates and the secured evidence to the USBP Station in McAllen for further processing and follow-up interviews. During a recorded and monitored post-Miranda interview, HERNANDEZ stated he cooperated with USBP Agents by advising law enforcement of the firearm and reaffirming the location of the firearm. HERNANDEZ stated he previously possessed and attempted to fire the firearm at an unidentified ranch in Mission, Texas. HERNANDEZ stated the firearm did not function properly but added he manipulated the firearm while at the ranch.

On August 27, 2019, your affiant, a recognized Firearms Interstate Nexus Expert, examined the firearm and ammunition seized from HERNANDEZ. Your affiant determined the firearm and ammunition seized from HERNANDEZ fit the definition of a firearm or ammunition as proposed in Title 18, Chapter 44, U.S.C. Section 921 and had previously affected intestate commerce.

Also on August 27, 2019, your affiant reviewed HERNANDEZ's computerized criminal history (CCH) which included an entry dated 10/24/2013 for Alien Inadmissibility under Section 212.

_____
Carlos M. Delgado, Jr, ATF Special Agent

Sworn to before me and subscribed in my presence,

_____          08/28/2019
Juan F. Alanis, U.S. Magistrate Judge                Date